UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TECNOGLASS, LLC, a Florida
limited liability company,

    Plaintiff,

v.

RC HOME SHOWCASE, INC.,
a Florida corporation,

    Defendant.
_____/

Case No. _____

## COMPLAINT

Plaintiff, TECNOGLASS, LLC ("**Tecnoglass**"), a Florida limited liability company, through undersigned counsel, sues Defendant RC HOME SHOWCASE, INC. ("**RC Home**"), a Florida corporation, and in support alleges as follows:

### PRELIMINARY STATEMENT

1. Tecnoglass brings this action seeking to put an immediate stop to, and to obtain redress for, (a) RC Home's willful and knowing infringement of several of Tecnoglass' copyrights for designs on various construction elements, including windows, sliding glass doors, and window wall systems, (b) RC Home's unfair competition related to its copying of Tecnoglass' designs and its misrepresentations that said designs belong to RC Home as part of the Miami-Dade County Product Control Approval System, (c) RC Home's breach of the parties' pre-existing settlement agreement, and (d) RC Home's unjust enrichment stemming from these aforementioned acts.

2. For over 20 years, Tecnoglass, through its parent companies and affiliates, has manufactured and sold architectural glass windows, doors and aluminum railings for the residential and commercial construction industries in North, Central, and South America. Tecnoglass is an industry leader, offering various products including soft coat,

laminated/thermo-laminated, thermo-acoustic, tempered, silk-screened, curved, and digital print glass, as well as aluminum products, such as profiles, rods, bars, plates, tubes, and other hardware used in the manufacture of architectural glass settings, including windows, doors, and spatial separators. Tecnoglass also provides floating facades, windows and doors, commercial display windows, hurricane-proof windows, automatic doors, bathroom dividers, photovoltaic structures, and other components of architectural systems.

3.   As part of its expansion plan, Tecnoglass entered into an agreement with non-party, RC Aluminum, Inc. ("**RC Aluminum**") (not affiliated to Defendant RC Home) effective November 19, 2013, whereby Tecnoglass acquired all rights and interests in, *inter alia*, all of RC Aluminum's proprietary intellectual property rights, including specifically, Miami-Dade Notices of Acceptance ("**NOA**") pertaining to various construction elements, including windows, sliding glass doors, and window wall systems.

4.   A NOA is an approval designation by the Miami-Dade County Product Control Approval System that is granted upon approval that a design has satisfied standards of products used in construction in Miami-Dade County, including the requirements resulting from the county's inclusion in the High Velocity Hurricane Zone. All products that comprise a structure's building require the issuance of an approval in order to be used for construction in Miami-Dade County.

5.   Having products with NOAs is a critical and necessary aspect of Tecnoglass' business because it signifies compliance with the Florida Building Code, one of the toughest in the country for good reason. Because Florida residents and members of the construction industry who are building residential and commercial structures benefit from the services and recognition of Miami-Dade County's Product Approval System, which is viewed by many as the benchmark for code related building product approvals, NOAs are not only a very important and valuable business asset of Tecnoglass and others in the industry, but also represent significant business goodwill.

6.   NOAs are necessary for any wind system installed in Miami-Dade County and

2

sought out by developers and builders worldwide.

7. As a result, any unauthorized use of Tecnoglass' NOAs and constituent designs and engineering necessarily causes significant harm to Tecnoglass in terms of both economics and reputation.

8. RC Home's intentional and ongoing conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Tecnoglass. RC Home should not be permitted to continue to exploit Tecnoglass' creativity and work without authorization. RC Home's intentionally infringing conduct must immediately be stopped and Tecnoglass must be compensated for RC Home's willful acts of infringement.

## JURISDICTION AND VENUE

9. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C., § 101, *et seq*.

10. This case is also a civil action seeking damages and injunctive relief for unfair competition under 15 U.S.C. § 1125(a)(1).

11. This case further relates to RC Home's violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, and RC Home's breach of the parties' settlement agreement as more fully described below.

12. This Court has subject matter jurisdiction over the copyright infringement and unfair competition causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has supplemental jurisdiction over the causes of action brought under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 and for breach of the settlement agreement under 28 U.S.C. § 1367(a).

14. This Court has personal jurisdiction over RC Home because, among other things, RC Home is doing business in the State of Florida and in this judicial district, the acts of infringement complained of herein occurred in the State of Florida and in this judicial district, RC Home has caused and continues to cause injury to Tecnoglass and its intellectual property within the State of Florida and in this judicial district, and RC Home has it principal place of

business in this judicial district.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## THE PARTIES

16. Tecnoglass is a limited liability company organized under the laws of the State of Florida, having its principal place of business in Miami-Dade County, Florida.  Tecnoglass designs and manufactures windows, sliding glass doors, glass and aluminum railings and curtain wall systems for buildings.

17. RC Home is a corporation organized under the laws of the State of Florida, having its principal place of business in Miami-Dade County, Florida. RC Home designs and manufactures windows, sliding glass doors, glass railings and curtain wall systems for commercial and residential buildings.

## GENERAL AVERMENTS

18. Tecnoglass is the owner of several copyright registrations, and attendant drawings, engineering and related proprietary material, directed to construction designs for windows, sliding glass doors, glass railings, and curtain wall systems.

19. Tecnoglass owns, *inter alia*, the following valid copyright registrations relevant to this case (collectively the "**Copyright Registrations**"):

| App. No. | Reg. No. | Title of Work |
| --- | --- | --- |
| 1-4018482283 | VA2018192 | Series 2400ST Alum. Sld. Glass Door – Design W01-75 |
| 1-4018436956 | VA2018180 | HP3060 Alum. Window Wall System – Design  W04-25 |
| 1-4018292321 | VA2018167 | HP3070 Alum. Window Wall System – Design W03-115 |
| 1-4018482394 | VA2018182 | HP3070 Alum. Window Wall System – Design W04-26 |
| 1-4018482469 | VA2018188 | HP3060 Alum. Window Wall System – Design W03-108 |
| 1-4018482524 | VA2018189 | Series 2400ST Alum. Sld. Glass Door - Design W01-54 |

20. In 2014, Tecnoglass alleged that RC Home and its affiliate made improper use and misrepresentations regarding the ownership of certain NOAs (the "**Shared NOAs**")

4

belonging to Tecnoglass.

21. As a result on or about October 3, 2014, Tecnoglass filed a lawsuit in the Circuit Court of Florida, Eleventh Judicial Circuit, Complex Business Litigation Section, *Tecnoglass, LLC, V. RC Home Showcase, Inc. et. al.,* Case No. 14-25605-CA-40, against RC Home.

22. In December 2014, Tecnoglass and RC Home entered into a mediated settlement agreement disposing of the aforementioned litigation (the "**Settlement Agreement**"). A copy of the Settlement Agreement is attached as **Exhibit A.**

23. Pursuant to the terms of the Settlement Agreement, RC Home was granted a limited right to use the Shared NOAs for a period of six months after which the right to use would terminate.

24. The limited licensing period allowed RC Home restricted use of the Shared NOAs on certain projects identified in the Settlement Agreement, a 4% license fee on projects in excess of $1.75 million and required the approval of Tecnoglass on any such projects in excess of $1.75 million.

25. The Settlement Agreement also provided for a monthly accounting by RC Home to allow Tecnoglass to verify RC Home's compliance with the terms and restrictions set forth in the Settlement Agreement.

26. On information and belief, subsequent to the Settlement Agreement, RC Home accessed the Miami-Dade County website, and identified the engineers for certain of Tecnoglass' NOAs.

27. On information and belief, RC Home contacted the Tecnoglass engineers to request that they copy Tecnoglass' designs and incorporate them into new NOA applications on behalf of RC Home.

28. On information and belief, Tecnoglass' engineers refused RC Home's request and advised RC Home that the designs they were requesting were already in use and the exclusive property of Tecnoglass.

29. On information and belief, despite being put on notice by the Tecnoglass

engineers of the proprietary nature of the designs, rather than develop its own designs for construction elements, RC Home accessed the Miami-Dade County website, copied the drawings from Tecnoglass' NOAs and incorporated the designs into RC Home's technical drawings for use in applications to be submitted to Miami-Dade County for approval as brand new NOAs in RC Home's name.

30. After incorporating Tecnoglass' drawings into its designs, RC Home knowingly and intentionally misrepresented in its applications for NOAs to Miami-Dade County that its NOA submissions were for products and/or systems that it had designed and for which there was not a current NOA.

31. The Miami-Dade County Product Control Application for Notice of Acceptance (NOA) & Laboratory Certification includes an acknowledgement to be signed by applicants that "[d]rawings and/or other design information not included in the NOA may be subject to federal copyright productions … Copyrighted material may not be duplicated or knowingly made available for duplication without the permission of the holder of the copyright except if otherwise required by law."

32. On information and belief, RC Home signed the acknowledgement despite knowingly, intentionally and willfully copying Tecnoglass' drawings and other design information into its applications for NOAs.

33. RC Home's incorporation of substantial portions of Tecnoglass' copyrighted works was and is without Tecnoglass' knowledge or authorization.

34. In so doing, RC Home falsely claimed that it was the author or creator of the designs, and, on information and belief, intended to mislead Miami-Dade County into believing that RC Home had created the designs.

35. By misappropriating Tecnoglass' designs and misrepresenting such designs as its own, RC Home has been able to compete for construction projects and/or the sale of construction materials that it otherwise would have been unable to as it lacked the required and necessary NOAs.

36. By misappropriating, manipulating and copying Tecnoglass' designs and misrepresenting such copyrighted designs as its own, RC Home is able to unfairly compete for projects against Tecnoglass using Tecnoglass' own designs.

37. In or around September 2016, it came to Tecnoglass' attention that RC Home and/or its agents, had reproduced, distributed, or published substantial portions of one or more of the drawings of Tecnoglass' designs (that are now the subject of Tecnoglass' Copyright Registrations) in the RC Home NOAs.

38. Upon information and belief, RC Home is marketing to consumers designs thereon despite such designs being owned by Tecnoglass.

39. Further, upon information and belief, RC Home has knowingly and intentionally used substantially similar product names and numbers (*e.g.* Tecnoglass HP3070 vs. RC Home FX 370, Tecnoglass HP3060 vs. RC Home FX 360, Tecnoglass 2400ST vs. RC Home CS240) in order to deceive and/or confuse former, existing and potential customers into believing they are bidding on Tecnoglass products.

40. Upon information and belief, RC Home is targeting existing Tecnoglass customers to induce them to become customers of RC Home by offering these customers Tecnoglass products using the RC Home NOAs based on the designs owned by Tecnoglass.

41. In fact, RC Home has induced former Tecnoglass customers to enter into agreements with RC Home under which RC Home is to provide, and does provide, glass and window products using RC Home products based on the designs owned by Tecnoglass.

42. Specifically, Tecnoglass customer Melo Group was induced by RC Home to enter into an agreement with RC Home wherein RC Home provided glass windows and sliding windows systems using the Tecnoglass designs relative to the Tecnoglass HP3070 product.

43. RC Home has also induced potential Tecnoglass customers to enter into agreements with RC Home under which RC Home is to provide, and does provide, glass and window products using RC Home products based on the designs owned by Tecnoglass.

44. Specifically, Towers of Key Biscayne Homeowner Association was induced by

7

RC Home to enter into an agreement with RC Home wherein RC Home provided glass windows using the Tecnoglass designs relative to the Tecnoglass 600Y product.

45. On September 9, 2016, Tecnoglass sent a Cease and Desist Notice to RC Home and RC Home's counsel demanding that RC Home immediately cease and desist from any further unauthorized use of Tecnoglass' property, proprietary information, designs and engineering drawings. A copy of the correspondence is attached as **Exhibit B**.

46. Despite that demand letter, RC Home continues to solicit Tecnoglass' past, current, and potential customers by representing to customers that it can provide the identical Tecnoglass products.

47. On September 22, 2016, Tecnoglass caused to be filed applications for copyright registration for each of its designs on an expedited basis due to RC Home's infringing acts.

48. The U.S. Copyright Office has registered each of the Tecnoglass' designs as of September 22, 2016. See **Exhibits C-H**.

49. RC Home has violated, and continues to violate, Tecnoglass' rights in the copyrighted materials by copying Tecnoglass' designs relative to the Tecnoglass NOAs.

50. Tecnoglass has retained the undersigned as its attorneys in this matter and agreed to pay them a reasonable fee for their services.

51. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived or excused.

### COUNT I
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

52. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53. Tecnoglass owns the Registered Copyrights for designs incorporated in its NOAs.

54. Through its conduct as alleged herein, RC Home has infringed on Tecnoglass' Copyright Registrations in violation of Sections 106 and 501 of the Copyright Act, as provided

8

by 17 U.S.C. §§ 106 and 501.

55. RC Home has infringed on Tecnoglass' exclusive rights with respect to the proprietary designs which serve as the basis for licensed NOAs for Tecnoglass' current and potential customers, including but not limited to, the Melo Group and the Towers of Key Biscayne Homeowner Association.

56. RC Home's acts of infringement, including the accessing, copying and altering of the Tecnoglass designs, are willful, intentional and purposeful violation of Tecnoglass' Copyright Registrations.

57. RC Home's copyright infringement has caused and will continue to cause irreparable harm to Tecnoglass.

58. As a direct and proximate result of said infringement by RC Home, Tecnoglass is entitled to damages in an amount to be proven at trial.

59. Tecnoglass is also entitled to RC Home's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

60. Tecnoglass further is entitled to its full costs, including but not limited to professional fees incurred in enforcing its rights.

61. As a direct and proximate result of the foregoing acts and conduct, Tecnoglass has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Tecnoglass is informed and believes and on that basis avers that unless enjoined and restrained by this Court, RC Home will continue to infringe Tecnoglass' Copyright Registrations.  Tecnoglass is entitled to preliminary and permanent injunctive relief to restrain and enjoin RC Home's continuing infringing conduct.

**COUNT II**
**INJUNCTION AND TEMPORARY RESTRAINING ORDER**

62. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

63. This is an action in equity brought by Tecnoglass against RC Home for injunctive relief.

64. As alleged in Count I, RC Home has infringed on Tecnoglass' copyrights and unless enjoined and restrained by this Court, RC Home will continue to infringe Tecnoglass' rights.

65. Tecnoglass is the owner of the NOAs for the manufacture and sale of the glass window, door and aluminum railing products listed above, a valuable property right.

66. Tecnoglass has never authorized RC Home to use Tecnoglass' NOAs or the designs therein in RC Home's NOAs.

67. Tecnoglass has never allowed RC Home to use Tecnoglass' NOAs or the designs therein in RC Home's NOAs.

68. Tecnoglass has no adequate remedy at law regarding the unauthorized use by RC Home as to Tecnoglass' NOAs and Tecnoglass' designs.

69. Tecnoglass is suffering from irreparable injury as the result of the unauthorized use of its NOAs by RC Home including bids for construction projects with developers, contractors and owners, and loss of good will.

70. Tecnoglass is requesting the immediate cessation by RC Home of the unauthorized use of its NOAs and designs and is willing to deposit a necessary bond, as may be required by the court for the issuance of a temporary injunction.

## COUNT III
## BREACH OF CONTRACT

71. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

72. RC Home entered into a valid Settlement Agreement with Tecnoglass.

73. RC Home breached the Settlement Agreement by, *inter alia*, (i) attempting to use Tecnoglass' NOAs beyond the limited license period, (ii) wrongfully using Tecnoglass' designs for its NOAs, and (iii) failing to provide Tecnoglass with accounting records reflecting payments

on contracts subject to the Settlement Agreement.  See Exhibit A.

74. As a result, RC Home is in material default under the Settlement Agreement.

75. RC Home's breach of the Settlement Agreement has and continues to injure Tecnoglass.

76. Tecnoglass has suffered and continues to suffer damages as a direct and proximate result of the RC Home breach of the Settlement Agreement.

### COUNT IV
### UNJUST ENRICHMENT

77. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

78. Tecnoglass conferred a benefit on RC Home by agreeing in the Settlement Agreement to RC Home's limited use of Tecnoglass' NOAs for the six month period ending June 30, 2015.

79. In return, Tecnoglass reasonably expected that RC Home would cease use of the NOAs authorized under the Settlement Agreement after the six month period.

80. RC Home knowingly and voluntarily accepted and retained the benefit conferred upon it by Tecnoglass' limited six month license.

81. After receiving the benefit of the license, RC Home failed to cease use of the Tecnoglass NOAs, and continues to refuse to cease and desist from using the Tecnoglass NOA's notwithstanding Tecnoglass' notice and demand.

82. The circumstances are such that it would be inequitable and unjust for RC Home to retain the benefit conferred by Tecnoglass without paying Tecnoglass the value thereof.

83. RC Home has been unjustly enriched at the expense of Tecnoglass.

84. Tecnoglass is entitled to those amounts collected by RC Home for which RC Home was unjustly enriched.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

85. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

86. Tecnoglass has advantageous business relationships with its customers, including but not limited to the Melo Group.

87. RC Home had knowledge of Tecnoglass' advantageous business relationship with its customer.

88. By providing Tecnoglass' customer with RC Home glass and window products based on the designs owned by Tecnoglass, RC Home has intentionally interfered with Tecnoglass' business relationship.

89. By inducing Tecnoglass customers to enter into contracts with RC Home for glass and window products based on Tecnoglass' designs, RC Home is wrongfully and tortiously soliciting, diverting and appropriating Tecnoglass' business relationships.

90. RC Home's tortious conduct has caused and continues to cause Tecnoglass to suffer damages.

91. In addition, the acts of RC Home complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Tecnoglass to suffer irreparable harm.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## Fla. Stat. §§ 501.201-501.213

92. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

93. RC Home, by misappropriating Tecnoglass' drawings, has deceived Miami-Dade County into believing that designs submitted by RC Home for NOA approval were designed by RC Home.

94. RC Home, by misappropriating Tecnoglass' drawings, which had obtained NOA approval, deceived Miami-Dade County into issuing RC Home NOA approvals.

95. RC Home, by misappropriating Tecnoglass' drawings, which had obtained NOA approval, was able to avoid substantial costs typically required for developing and engineering designs to be submitted for NOA approval.

96. As a result of RC Home's acts, Tecnoglass must compete for customers against its own designs against a competitor that unscrupulously avoids development expenses.

97. On information and belief, RC Home is able to undercut Tecnoglass because it does not incur development costs.

98. As a direct and proximate result of the foregoing acts and conduct, Tecnoglass has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Tecnoglass is informed and believes and on that basis avers that unless enjoined and restrained by this Court, RC Home will continue to unfairly compete with Tecnoglass.

99. Tecnoglass is entitled to preliminary and permanent injunctive relief to restrain and enjoin RC Home's continuing unfair competition.

## COUNT VII
## UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)

100. Tecnoglass realleges all allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

101. RC Home, by misappropriating Tecnoglass' drawings, falsely designates the origin of the designs in its NOA's being those of its creation and design.

102. RC Home, by misappropriating Tecnoglass' drawings, inherently falsely describes itself to Miami-Dade County and to consumers that it created the designs in its NOAs.

103. RC Home, by misappropriating Tecnoglass' drawings, falsely describes and represents the designs in its NOA's being those of its creation and design.

104. As a direct and proximate result of the foregoing acts and conduct, Tecnoglass has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Tecnoglass is informed and believes and on that basis avers

that unless enjoined and restrained by this Court, RC Home will continue to unfairly compete with Tecnoglass.

105. Tecnoglass is entitled to preliminary and permanent injunctive relief to restrain and enjoin RC Home's continuing unfair competition.

**WHEREFORE**, Plaintiff, TECNOGLASS, LLC, a Florida limited liability company, prays for judgment against Defendant, RC HOME SHOWCASE, INC., a Florida corporation, as follows:

a. That, Defendant be found to have infringed Plaintiff's copyrights.

b. That, pursuant to 17 U.S.C. § 504, Defendant be held liable for damages in such amount as may be found, or as otherwise permitted by law as a result of Defendant's copyright infringement.

c. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to its infringement of Plaintiff's copyrights.

d. For a preliminary and permanent injunction prohibiting Defendant, and its respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from infringing Plaintiff's copyrights.

e. For an order to destroy any and all copies of Defendant's documents found to infringe Plaintiff's copyrights.

f. For entry of a temporary restraining order and a temporary and permanent injunction, prohibiting the unauthorized use of Plaintiff's NOAs by Defendant.

g. For a preliminary and permanent injunction prohibiting Defendant from using any NOA based upon drawings misappropriated from Plaintiff's NOAs.

h. For judgment in favor of Plaintiff and against Defendant for Defendant's unfair competition.

i. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

j. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein and disgorgement of any profits identified therein;

k. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

l. For judgment in its favor and against Defendant for breach of the Settlement Agreement and awarding damages, interest, costs, attorneys' fees and any such further relief deemed just and proper.

m. For damages in the amount Defendant was unjustly enriched together with costs and any such further relief deemed just and proper.

n. For judgment in Plaintiff's favor and against Defendant for tortious interference with advantageous business relationships, violations of FDUPTA and unfair competition and awarding damages, interest, costs, and reasonable attorneys' fees.

o. For prejudgment interest according to law.

p. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

q. For such other and further relief as the Court may deem just and proper.

Dated: October 12, 2016.

**ARNSTEIN & LEHR LLP**
Counsel for Plaintiff
200 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Telephone:   305-374-3330
Facsimile:    305-374-4744
E-Mail:         pmhudson@arnstein.com
E-Mail:         hpiloto@arnstein.com
E-Mail:         ccontreras-martinez@arnstein.com
E-Mail:         amclaughlin@arnstein.com

By:   /s/ Phillip M. Hudson III
**Phillip M. Hudson III**
*Florida Bar No. 518743*
**Hilda Piloto**
*Florida Bar No. 0154120*
**Carmen Contreras-Martinez**
*Florida Bar No. 093475*

113552048.4