United States District Court
for the
Southern District of Florida

| Tecnoglass, LLC, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 16-24328-Civ-Scola |
| | ) | |
| RC Home Showcase, Inc., | ) | |
| Defendant. | ) | |

### Omnibus Order on Motions to Dismiss

This matter is before the Court upon the Defendant RC Home Showcase, Inc.'s ("RC Home") motion to dismiss counts IV and V and to strike certain allegations (ECF No. 85), and the Plaintiff Tecnoglass, LLC's ("Tecnoglass") motion to dismiss the counterclaim (ECF No. 92). After careful consideration of the motions, all opposing and supporting submissions, the applicable case law, and the record in this case, RC Home's motion (**ECF No. 85**) is **granted in part**, and Tecnoglass's motion (**ECF No. 92**) is **granted**.

1. **Background**

A more detailed factual background is contained in the Court's order on the previous motion to dismiss. *See* (ECF No. 76). For purposes of the instant motions, the salient facts remain the same. Tecnoglass acquired certain intellectual property rights from non-party RC Aluminum Industries, Inc. ("RC Aluminum"), which included rights related to RC Aluminum's Notices of Acceptance ("NOAs") for windows, sliding glass doors, and window wall systems. Almost a year after Tecnoglass acquired the right to use these NOAs, it initiated litigation in state court against RC Home alleging improper use of a subset of the NOAs acquired from RC Aluminum. This previous state court litigation resulted in a settlement agreement providing RC Home limited rights to use the NOAs for six months.

Now at issue in this case are Tecnoglass's copyright registrations for six technical drawings of window wall systems and sliding glass doors. According to Tecnoglass, RC Home accessed technical drawings from Tecnoglass's NOAs available on the Miami-Dade County website and copied the technical drawings to use in RC Home's own NOA applications, representing that the technical drawings in its applications belonged to RC Home. Additionally, RC Home's product designations are similar to those used by Tecnoglass. RC Home has

sold its products, which are based on Tecnoglass's designs, to existing, former, and potential Tecnoglass customers.

Based on these facts, the Complaint (ECF No. 1) asserted seven claims against RC Home: (1) Copyright Infringement; (2) Injunction and Temporary Restraining Order; (3) Breach of Contract; (4) Unjust Enrichment; (5) Tortious Interference with Business Relationship; (6) Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (7) Federal Unfair Competition under the Lanham Act. The Court dismissed counts (6) and (7) because these claims were preempted by Tecnoglass's copyright infringement claim. (ECF. No. 76, at 8.) In the Amended Complaint, Tecnoglass asserts claims for copyright infringement (Count I); injunction and temporary restraining order (Count II); breach of contract (Count III); unjust enrichment (Count IV); and tortious interference with business relationship (Count V). RC Home filed an answer, affirmative defenses, and a counterclaim, in which it asserts claims against Tecnoglass for declaratory relief (Count I) and common law unfair competition (Count II). In its motion, RC Home moves to dismiss the claims for unjust enrichment and tortious interference for failure to state a claim, and requests that the Court strike allegations in the Amended Complaint regarding the Tecnoglass 600Y window system. In its motion, Tecnoglass requests that the Court dismiss the counterclaim for failure to state a claim. The Court will consider each motion in turn.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### 3. RC Home's Motion to Dismiss and to Strike

At the outset, the Court notes that Tecnoglass concedes that the claim for unjust enrichment should be dismissed. Accordingly, the Court grants RC Home's motion in this respect, and dismisses Count IV of the Amended Complaint with prejudice.

With respect to the tortious interference claim, RC Home argues that Tecnoglass fails to state a claim. However, RC Homes also acknowledges, albeit in a footnote, that there is no difference between the present claim for tortious interference, and the claim asserted in the original complaint. (Mot. at 1, n.1, ECF No. 85.) Yet, RC Home did not assert that the previous tortious interference claim failed to state a cause of action based upon its "belief that the [previous] motion would be granted and the state claims dismissed to be refiled in state court." (*Id.* at 2, n.1.) Thus, RC Home's motion with respect to the tortious interference claim is improper under Rule 12(g) of the Federal Rules of Civil Procedure. *See Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) (striking second motion to dismiss as improper under Rule 12(g)); *Barfoot v. Dolgencorp, LLC*, Case No. 15-24662-CIV-ALTONAGA/O'Sullivan, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying motion to strike, pursuant to Rule 12(g), based upon earlier filing of motion to dismiss).

Rule 12(g) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this

rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In pertinent part, Rule 12(h) further provides that while a party generally waives certain defenses entirely by omitting them from a motion to dismiss, the failure to state a claim may nevertheless be raised: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." However, Rule 12(h) does not otherwise authorize a party to assert a defense it neglected to include in a previous Rule 12(b) motion based upon the mistaken belief that the court would take certain actions that ultimately it did not. As a result, RC Home's motion is denied with respect to the tortious interference claim asserted in Count V.

Next, RC Home requests that the Court strike the allegations in the Amended Complaint related to the Tecnoglass 600Y window system, because Tecnoglass does not allege that it holds a copyright with respect to the 600Y window system. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (Ryskamp, J.); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Yet, "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.). Motions to strike are generally viewed with disfavor, *see Pan dora Jewelers 1995, Inc. v. Pan dora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (Cooke, J.), in part because they "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim," *see U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, 2009 WL 1850813, at *3 (W.D. Wis. June 26, 2009). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (Turnoff, M.J.) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (Ungaro, J.) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).

Upon review, the allegations relate to Tecnoglass's claim for tortious interference asserted in Count V. In the Amended Complaint, Tecnoglass alleges that RC Home induced its potential customers, specifically Towers of Key Biscayne Homeowner Association, to obtain glass windows from RC Home

that used Tecnoglass designs related to the 600Y product. There is no copyright requirement in order to sufficiently state a claim for tortious interference. Moreover, RC Home does not indicate that it will be prejudiced by the inclusion of such allegations. Therefore, the Court denies RC Home's motion to strike.

### 4. Tecnoglass's Motion to Dismiss the Counterclaim

In its motion, Tecnoglass seeks dismissal of the counterclaim on the basis that the declaratory relief sought is redundant of the affirmative defenses asserted by RC Home, and that RC Home fails to adequately state a claim for unfair competition because it does not allege consumer confusion. RC Home concedes that the unfair competition claim is insufficiently alleged, and therefore, the Court grants Tecnoglass's motion to dismiss the counterclaim with respect to Count II.

Thus, the Court considers the argument with respect to the claim for declaratory relief. As a threshold matter, the Court notes that redundancy alone is not a basis for dismissal under Rule 12(b)(6). *See Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (Altonaga, J.). Nor does mere redundancy require the Court to strike a claim. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) ("District courts have broad discretion in disposing of motions to strike under Fed.R.Civ.P. 12(f).") (citation omitted). And even though Tecnoglass's motion is not asserted pursuant to Rule 12(f), as Tecnoglass points out, some courts use their discretion through the power to strike under Rule 12(f) to dismiss counterclaims where they are redundant of affirmative defenses. *See, e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 4948567, at *9-*10 (N.D. Cal. Oct. 18, 2011); *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008); *Ortho–Tain, Inc. v. Rocky Mount. Ortho., Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006). Yet, as one of the cited cases concedes, "[o]ther courts have chosen, in their discretion, not to strike redundant counterclaims." *See Stickrath*, 2008 WL 2050990, at *3 n.2. In making a decision, *Stickrath* advises that "[t]he court should focus on whether the counterclaims 'serve any useful purpose,' and should dismiss or strike a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *See id.* at *4 (citations omitted). "In determining the usefulness of a claim, courts may consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *It's a 10, Inc. v. Beauty Elite Grp., Inc.*,

No. 13-60154-CIV, 2013 WL 4543796, at *2 (S.D. Fla. Aug. 27, 2013) (Cohn, J.) (internal citation and quotations omitted).

Here, the counterclaim for declaratory relief implicates the same factual and legal issues as RC Home's affirmative defenses. Specifically, RC Home asserts the following affirmative defenses: invalidity or unenforceability of the copyrights due to (1) lack of ownership, (2) non-originality, and (3) in that they relate to functionality or utility; that Tecnoglass consented or acquiesced to the posting of the NOAs online, and that material errors exist in the copyright application that would render the copyrights invalid. The bases alleged for RC Home's counterclaim for declaratory relief are identical. *See* (ECF No. 84, ¶ 24). As such, the resolution of RC Home's affirmative defenses would resolve the issues involved in the counterclaim. Therefore, the Court grants Tecnoglass's motion with respect to Count I, and dismisses the claim for declaratory relief contained in the counterclaim with prejudice.

### 5. Conclusion

For the reasons set forth, it is **ordered and adjudged** as follows:

1. RC Home's motion (**ECF No. 85**) is **granted in part**, and Count IV of the Amended Complaint is dismissed with prejudice. The Court **denies** the motion with respect to Count V, and RC Home's request to strike.
2. RC Home shall file its answer to Count V within seven (7) days of this order.
3. Tecnoglass's motion (**ECF No. 92**) is **granted**. Count I of the counterclaim is dismissed with prejudice. Count II of the counterclaim is dismissed without prejudice. If RC Home intends to file an amended counterclaim, it must do so within seven (7) days of this order.

**Done and ordered**, at Miami, Florida, on October 5, 2017.

Robert N. Scola, Jr.
United States District Judge